CASE 70—ACTION BY THE COMMONWEALTH AGAINST STRATER BROS. TOBACCO CO. FOR A LICENSE TAX.—FEB. 10.

# Strater Bros. Tobacco Co. v. Commonwealth.

APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

TAXATION—LICENSE TAX—UNIFORMITY.

Held: 1. Acts 1902, p. 355, c. 128, art. 10, subd. 3, section 32, provides that a tobacco factory shall pay a license tax of one dollar on the marketable value of each $1,000 of product up to $100,000, and at the rate of fifty cents thereafter. Const., section 174, provides that all property shall be taxed in proportion to its value, but that there may be taxation based on income or license, and section 181 authorizes the payment of license fees on various occupations or a special or excise tax. HELD, that the tax imposed by the act of 1902 is not a property tax, but a license tax.

2. The statute does not violate Const., section 171, declaring that taxes shall be uniform.

O'NEAL & O'NEAL, AND D. W. SANDERS, FOR APPELLANT.

This is an action by the State under section 32, subdivision 3, art. 10, chap. 128, of the Acts of 1902, which provides that, "All corporations, &c. operating a tobacco factory in this State, whereby the natural leaf is converted into a manufactured product, shall pay a license tax of one dollar on the marketable value of each $1,000 of such product, up to $100,000, and fifty cents on each $1,000 in excess of $100,000."

The authority for this license tax is claimed under section 174 of the State Constitution. The tax is laid on the manufactured product of the tobacco factory, not on the manufacturer's right or privilege to conduct a tobacco manufacturing company. It is a direct tax on the tangible property of the company under the guise of a license tax.

We claim that the tax sued on herein, is in palpable violation of section 171, of the Constitution in this, that it is not uniform.

Strater Bros. Tobacco Co. v. Commonwealth.

Uniformity and equality of taxation is required in all taxes assessed.

The classification attempted by the State is not one of persons or of privileges of persons to do business, but is an arbitrary classification or division of property of precisely the same kind and nature, and upon each division thereof an entirely different rate of taxation is laid.

The peculiar result of its operation is, that the richer a man or corporation is, the lower the tax rate he has to pay. For instance, a factory of $100,000 of product would pay a rate of one dollar per $1,000. A factory of $500,000 of product would pay a rate of sixty cents per $1,000, and one of $5,000,000 of product would pay fifty-one cents per $1,000, which clearly illustrates our contention that the statute is in conflict with the Constitution requiring uniformity and equality in taxation.

### AUTHORITIES CITED.

Estate of Cope, 191 Pa. St., p. 1, (45 L. R. A., 317); State v. Stephens, 146 Mo., 652; State v. Swilzer, 143 Mo., 287; Denver St. Ry. Co. v. Denver, 21 Col., 350; Judson Taxes, sec. 448; Desty on Taxes, vol. 1, pp. 305-7; Burroughs on Taxation, pp. 68-70, 80 Ky., 660; Levi v. City of Louisville, 97 Ky., 401, Constitution, sec. 171.

C. J. WHITTEMORE, AND HAZELRIGG & CHENAULT, FOR APPELLEE.

1. Tobacco Tax.

The Constitution, after providing the manner in which all property should be taxed, sections 171, 172, 174, declares that "nothing shall be construed to prevent the General Assembly from providing for taxation based on *income, licenses or franchises.*" (Sec. 174.)

"The sovereignty may, in the discretion of the Legislature, levy a tax on every species of property within its jurisdiction, or it may select any particular species of property and tax that only, if, in the opinion of the Legislature that course will be wiser. And what is true of property is true of privileges and occupations also, and there is no restriction unless one is imposed by Constitution." Cooley on Taxation (2d ed.), p. 570.

2. Manufacturers and dealers in liquors. Whisky and tobacco are both subjects of commerce, and the Legislature has as much right to tax one as the other.

Strater Bros. Tobacco Co. v. Commonwealth.

"A tax is unform which is the same on all persons in the same class, as on rum-keepers, railroads, etc., but it is in the discretion of the taxing power to graduate the tax according to the extent of the business taxed, or to impose a single tax on the occupation." State v. Powell, 100 N. C., 525. Counsel for appellant treat the tax imposed as an ad valorem tax, whereas, it is a license tax so regulated as to commend itself to a fair and just measurement, based upon the amount of business done.

### POINTS AND AUTHORITIES.

Sec. 181 of the Constitution, art. 10, subdiv. 3, sec. 32 of the Acts 1902; Cooley on Taxation, 2d ed., pp. 570, 580; Lou & Jeff. Ferry Co. v. Com., 104 Ky., 726, 47 S. W., 877; Cinti. Ry. & Bridge Co. v. Same; Providence Banking Co. v. Webster Co., 22 L. R., p. 214; Henderson Bridge Co. v. Com., 166 U. S.; Ficklen v. Shelby Co., 145 U. S., p. 1; Webber v. Virginia, 103 U. S., p. 850; Applegarth v. State, 89 Maryland, p. 140; State v. Powell, 100 N. Car., 525; Levy v. City of Louisville, 97 Ky., 401; Southern Bldg. & Loan Asso. v. Norman, Auditor, 98 Ky., 300.

Opinion of the court by JUDGE PAYNTER—Affirming.

This action arises from an effort to enforce section 32, subdivision 3, article 10, c. 128, p. 355, Acts 1902, which reads as follows "That all corporations, associations, co-partnerships or other persons, owning or operating a tobacco factory in this State, whereby the natural leaf is converted by process of manufacture into manufactured product, including cigars and cigarettes, shall pay a license tax therefor. On the manufactured product (except cigarettes) for each factory, one dollar on the marketable value of each one thousand dollars of such product, up to one hundred thousand dollars of such product; and fifty cents on each one thousand dollars of the marketable value on all in excess of the first one hundred thousand dollars."

The appellant owns and operates a tobacco factory wherein

the natural leaf is converted by process of manufacture into a manufactured product. For the appellant it is insisted (1) that it is a tax upon the manufactured product of the tobacco factory, not on the manufacturer's right or privilege to conduct a tobacco manufacturing business; (2) that it is a tax imposed under section 171 of the Constitution, and is in violation thereof, because it is not uniform.

For the commonwealth it is insisted that it is a license or occupation tax, and is not a tax upon the product of the tobacco manufacturer. Section 171 of the Constitution provides that taxes shall be levied and collected for public purposes only, and that they shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax. Section 174 provides that all property shall be taxed in proportion to its value, unless exempted by the Constitution, and it contains the further provision which reads as follows: ". . . Nothing in this Constitution shall be construed to prevent the General Assembly from providing for taxation based on income, license or franchises."

The taxes provided for by sections of the Constitution to which we have referred are *ad valorem* taxes. Section 181 of the Constitution reads as follows: ". . . The General Assembly may, by general law only, provide for the payment of license fees on franchises, stock used for breeding purposes, the various trades, occupations, and professions, or a special or excise tax. . . . The tax imposed is not levied upon property. It is simply a license tax as declared by the General Assembly in the act. The Constitution not only does not prohibit the imposition of such a tax, but it expressly recognizes the right of the Legislature to impose it. It not only does so, but authorizes it to be done in addition to an *ad valorem* tax. If the Constitution had

been silent upon the question, it would have been competent for the Legislature to have enacted the law.

It is said in Cooley on Taxation (2d Ed.) p. 570: "It has been seen that the sovereignty may, in the discretion of its Legislature, levy a tax upon every species of property within its jurisdiction, or, on the other hand, that it may select any particular species of property, and tax that only, if in the opinion of the Legislature that course will be wiser. And what is true of property is true of privileges and occupations also; the State may tax all, or it may select for taxation certain classes and leave the others untaxed. Considerations of general policy determine what the selection shall be in such cases, and there is no restriction on the power of choice unless one is imposed by the Constitution. . . . Constitutional provisions requiring the taxation of property by value have no application to the taxation of other subjects, and do not, therefore, by implication, forbid the taxation now under consideration." Again it is said by the same author (page 580): "This is a class of dealers commonly selected for exceptional taxation. Their occupation is sometimes taxed for federal, State, and municipal purposes, though their stocks are taxed as property, and whatever has been imported has paid a heavy duty. The right to levy these several taxes has almost ceased to be contested."

We do not think the tax is lacking in the quality of uniformity. It is the same on each person or corporation which manufactures the same quantity of tobacco. The Legislature had the right to impose a graduated license tax. The larger manufacturer is required to pay more than the smaller one, based upon the value of the product manufactured. If all manufacturers of tobacco, regardless of the

manufactured product produced by each, had been made to pay the same license tax, then a more potential argument could be made against the validity of the law for lack of uniformity and inequality of burden than has been made against the law here sought to be enforced. While this is true, we would not hold it sound. If we did, then it would logically follow that a license tax on retail liquor dealers would be invalid, because the one who sold a small quantity of liquor paid the same as the one who sold many times as much. This court has upheld ordinances imposing a license or occupation tax on liverymen based upon the number of vehicles employed in their business. Such taxes are not based upon the value of the vehicles or the profit derived from their use, but upon the number employed.

The judgment is affirmed.