CASE 46.—ACTION BY THE COMMONWEALTH AGAINST THE BROWN-FOREMAN CO. TO RECOVER TAXES ON "SINGLE STAMP SPIRITS."—April 19.

## Brown-Foreman Co. v. Commonwealth

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

1. Statutes—Subjects and Titles—Acts Relating to One or More Subjects — Constitutional Provisions — Acts 1906, p. 549, entitled "An act relating to revenue and taxation, providing for license taxes on compounded, rectified, adulterated or blended distilled spirits, known and designated as single stamp spirits, and providing penalties for violations of its provisions," and declaring that every corporation, etc., engaged in the business or occupation of compounding, rectifying, etc., distilled spirits, shall pay a license tax on every gallon, etc., is not invalid under Const. section 51, requiring that an act shall relate to only one subject, which subject shall be expressed in the title.

2. Intoxicating Liquors—License Tax—Uniformity—The act does not levy a property tax, within the meaning of Const. section 171, requiring taxes to be uniform upon all property

Brown-Foreman Co. v. Commonwealth.

subject to taxation within the territorial limits of the authority levying the tax.

3. Same—Statutes Specifying Purpose of Tax—The Constitution which went into effect in 1891, provides in section 180 that every act levying a tax shall specify distinctly the purpose for which the tax is levied. In the revision of the laws relating to taxation, made pursuant to the Constitution, the revision commission apparently understood section 180 not to refer to license taxes, and subsequent acts passed levying license taxes did not specify the purposes for which the tax was levied and the same course was followed in several subsequent revisions of the revenue laws; none of the acts passed since the new Constitution levying license taxes having specified the purpose for which the tax was levied. Section 181 provides that the General Assembly may provide for the payment of license fees on franchises, the various trades, occupations, and professions, and may delegate the power to counties, towns, etc., to impose license fees on franchises, trades, occupations, and professions. Held that, considering the construction of section 180, concurred in by so many Legislatures, and in view of section 181, Acts 1906, p. 549, providing for license taxes on compounded, rectified, etc., distilled spirits, is not unconstitutional for failure to specify the purpose for which the tax is levied.

4. Same—Acts 1906, p. 549, provides in section 1 that every corporation, etc., engaged in the business of compounding, rectifying, etc., distilled spirits known and designated as "single stamp spirits" shall pay a license tax on every gallon of such compounded, etc., distilled spirits. Section 2 describes the business on which the tax is levied as "the business or occupation of compounding, rectifying, or blending in this state"; and section 3 requires a statement of "the approximate number of wine gallons of such compounded, etc., spirits the applicant contemplates making prior to the first date at which he is required to report." Section 7 provides a penalty for shipping any compounded, etc., spirits into the state for the purpose of stamping the same as "Kentucky Whisky." In an action by the commonwealth to recover under said act taxes on distilled spirits compounded from double stamp spirits, defendant insisted that the act did not cover such double stamp spirits. Held, that the act was not aimed at the spirits used in rectifying, but levied a license tax on the business, and defendant was liable.

5. Same—Acts 1906, p. 549, section 1, provides that every cor-

poration, etc., engaged in the business or occupation of compounding, rectifying, etc., distilled spirits, shall pay a license tax on every gallon of such compounded, etc., distilled spirits. Section 7 makes it unlawful for any person to ship into the state any rectified spirits for the purpose of marking the same as "Kentucky Whisky," or which before shipment into the state has been so marked. Held, that the act is not in conflict with Const. section 202, providing that no corporation organized outside the limits of the state shall be allowed to transact business within the state on more favorable conditions than are prescribed by law to similar corporations organized under the laws of the state.

6. Constitutional Law—Equal Protection of the Laws—Nor is the act in conflict with Const. U. S. Amend. 14, guarantying equal protection of the laws.

W. O. BRADLEY for appellants.

THOMAS H. PAYNTER, KOHN, BAIRD & SPINDLE, and W. H. HOUGH, of counsel.

POINTS AND AUTHORITIES.

1. The bill relates only to single stamp spirits and the demurrer should be sustained by every rule of construction. (1 Acts 1906, page 549; Exp. Hall, 1 Pick. (Mass.), 261; Brockett v. R. R. Co., 14 Pa. St., 241; State v. Smith, 5 Humph. (Tenn.), 261; Evans v. Stevens, 4 T. R., 462, (per Lord Kenyon); Morrall v. Sutton, 1 Phil., 533; Doe v. Jesson, 2 Bligh, 2; Doe v. Harvey, 4 B. & C., 610; Abbott v. Middleton, 7 H. L., 68; 28 L. J. Ch., 110; Clark v. Utica, 18 Barb. (N. Y.), 451; Section 74, Endlich's Inter. Stats.; Clay v. Hopkins, 3 Mar., 489; Bosley v. Mattingly, 14 B. M., 73; Brace, &c. v. Shaw, 16 B. M., 82; Comwth. v. Ry. Companies, 95 Ky., 73; Endlich's Int. Stats., page 506; Sneed v. Comwth., 6 Dana, 338; Sections 4, 5, 6, 7 and 8, Endlich's Inter. Stats.; Robertson v. Robertson, 100 Ky., 700).

2. The act is unconstitutional because it does not state the purpose for which the tax is levied, and because it is foreign to and wholly without the scope of the title. (Secs. 180 and 51, Constitution Ky.; Shugars v. Hamilton, 92 S. W. (Ky.), 564; City of Somerset v. Somerset Banking Co., 22 Ky. Law Rep., 1129; 60 S. W., 5; City of Louisville v. Button, 26 Ky. Law Rep., 606; 82 S. W., 293; Carpenter v. Town Central Covington, 26 Ky. Law Rep., 430; 81 S. W., 919; Sec. 181, Constitution Ky:

Rushing v. Sebree, 12 Bush, 198; Howland Coal Co., v. Brown, 13 Bush, 685; Cooley's Con. Lim., 149; Theirman v. Comwth., 97 S. W., 366).

3. The act is unconstitutional because it allows corporations organized outside the limits of this State to transact business in this State on more favorable conditions than corporations organized under the laws of this State. (Sec. 202 Constitution Ky.; American Steel and Wire Co. v. Speed, 192 U. S., 500 to 523; Law Ed. Book 48, page 538).

4. The act is unconstitutional in that it denies to persons within the jurisdiction of this State the equal protection of the law. (Art. XVI., Const. U. S.)

W. H. HOUGH for appellant..

THOS. H. PAYNTER, W. O. BRADLEY, KOHN BAIRD & SPINDLE of counsel.

## CLASSIFICATION OF POINTS AND AUTHORITIES.

1. The Act of March 28th, 1906, provides for a tax on each gallon of single stamp spirits, compounded, rectified or blended.

This is a suit under said Act to recover taxes on double stamp spirits, used by the defendant in compounding, rectifying or blending distilled spirits.

Both the title and the body of the Act relate alone to single stamp spirits and the Act cannot be construed so as to include double stamp spirits. (Expressio unius est exclusio alterius; Cyclopedia of Law and Procedure, vol. 19, p. 23; Lewis's Sutherland Statutory Construction, 2d Ed., sec. 366; United States v. Goldenberg, 168 U. S., 95; Lewis's Sutherland Statutory Construction, 2d Ed. p. 701; Ibid. 2d Ed. 493; Sec. 3249 Rev. Stat. of United States; Boyd v. United States, 14 Blatch, 317; Chiles & Thomas v. Monroe, 4 Metc., 71).

2. The Act creates a specific tax on each wine gallon of single stamp spirits and being a tax on property, as distinguished from a tax on an occupation, violates sections 171-172-174, of the Constitution of Kentucky, requiring uniformity of taxation, and taxation upon the fair cash value of the article taxed. (See Theirman v. Commonwealth of Kentucky, decided by this court on the 16th day of November, 1906; Strater Bros. Tobacco Co. v. Commonwealth of Ky., 117 Ky. 606; State v. Bengsch, 170 Mo. 81 and authorities cited; Also opinion of Valliant, Jr., in same case loc. sit., 119; Brown v. Maryland, 12 Wheat., 419;

Welton v. Missouri, 91 U. S., 278; Walling v. Mich., 116 U. S., 446; Asher v. Texas, 128 U. S., 129; Stoughtenburg v. Hennick, 129 U. S., 141; Lyng v. Mich., 135 U. S., 161 McCall v. Cal., 136 U. S., 104; Brennan v. Titusville, 153 U. S., 289; Emert v. Mo., 156 U. S., 296; Stockhard v. Morgan, 185 U. S., 622; Norfolk & Western Ry. v. Sims, 191 U. S., 441; Postal Telegraph Co. v. Taylor, 192 U. S., 64).

3. ·The title of the Act is identical with the title of the Act considered in the Thierman case, and provides for a specific tax on property.

If the body of the act can be held to provide for an occupation tax, the Act is unconstitutional and void. (See Sec. 51 of the Constitution of Kentucky; Rushing v. Sebree, 12 Bush, 198)

4. The Act in question discriminates against compounders, rectifiers and blenders of the State of Kentucky and in favor of compounders, rectifiers or blenders in other States,and is, therefore, void. (14th Amendment of the Constitution of the United States; State v. May, 71 Vt. p. 59; Sec. 202, Constitution of Kentucky.)

5. The Act provides for double taxation. (Standard Oil Co. v. Commonwealth of Kentucky, 26 Ky. Law Rep. 895.)

6. The tax provided by the Act being a tax on property, is not uniform, nor is it assessed in proportion to its value, as required by the Constitution. (Secs. 171-172-174 of the Constitution of Kentucky.)

7. The seventh section of the Act attempts to create a regulation of commerce and to levy an impost upon imports in violation of the Constitution of the United States. (See Commonwealth v. Baldwin (Ky.) 96 S. W. Rep. 914; Sec. 10, Art. 1, U. S. Constitution; also authorities cited on page 18 of Point 11.)

8. The Act being one levying a tax fails to distinctly specify the purpose for which the tax is levied, and is, therefore, unconstitutional. (Somerset v. Somerset Banking Co., 22 Ky. Law Rep. 1129; City of Louisville v. Button, 26 Ky. Law Rep. 606; Carpenter v. Town of Central Covington, 26 Ky. Law Rep. 430; Sec. 180 of the Constitution of Kentucky.)

N. B. HAYS, Attorney General, C. H. MORRIS, J. W. RAY, N. L. SOUTH, of counsel.

POINTS CITED.

1. Tax is not on rectifying spirits.

2. Act not a violation of sections 171-172-174, Kentucky Constitution.

Brown-Foreman Co. v. Commonwealth.

3. Act does not violate section 180, Constitution.

4. The act is not in conflict with section 51, Constitution of Kentucky.

5. The act is not in violation of section 202, Kentucky Constitution.

6. Act does not violate Constitution of United States.

## AUTHORITIES CITED FOR APPELLEE.

Acts 1906, 549; Kentucky Statutes, 1903, section 459; Kentucky Statutes, 1903, section 460; New South Brewing Co. v. Commonwealth, 29 Ky. Law Rep., 875; Baily v. Commonwealth, 74 Ky., 691; E. H. Taylor, Jr. & Sons v. Taylor, 27 Ky. Law Rep., 628; Lewis' Sutherland's Statutory Construction, section 491; Sections 171, 172, 174, 180, 181, 202, 51, Ky. Constitution; Cooley on Taxation, page 570; People v. Coleman, 4 Cal., 54 (60 Am. Dec., 58); Santa Barbara v. Stearns, 51 Cal., 499; Bank of Chicago v. Wright, 97 Ga., 114; Banta v. Chicago, 172 Ill., 204; Morehouse v. Bingham, 41 La. Ann., 665; State (Toi) v. French, 22 Minn., 312 (21 Am. Rep., 765); Stull v. DeMattos (Wash.), 51 L. R. A., 892; Smith v. Scruggs (Ark.), 58 L. R. A., 921; State v. Auburn School Dist. (Neb.) 58 L. R. A., 169; Strater Bro. Tobacco Co. v. Commonwealth, 25 Ky. Law Rep., 1717; Shugar v. Hamilton, 29 Ky. Law Rep., 127; Rosenbloom v. Nebraska, 57 L. R. A., 922; Philips v. Covington Bridge Co., 59 Ky., 219; Johnson v. Higgins, 60 Ky., 566; Burnside v. Lincoln Co. Ct., 9 Ky. Law Rep., 635; Allen v. Hall, 14 Bush, 85; Commonwealth v. Godshaw, 13 Ky. Law Rep., 572; Conly v. Commonwealth, 17 Ky. Law Rep., 678; Commonwealth v. Bailey, 4 Ky. Law Rep., 384; Trustees of Augusta v. Maysville R. R., 16 Ky. Law Rep., 890; Gayle v. Owen Co., 6 Ky. Law Rep., 689; Rosenham v. Commonwealth, 8 Ky. Law Rep., 519; State v. Bengsch (Mo.), 70 S. W., 710; Constitution Missouri, section 28, art. 4, art. 10, section 3; Welton v. State, 91 U. S. (23 L. Ed., 347); Providence Banking Co. v. Webster Co., 22 Ky. Law Rep., 214; Constitution of U. S., article 1, section 10.

OPINION OF THE COURT BY JUDGE HOBSON— Affirming.

At the last session of the General Assembly the following act was passed:

"An act relating to revenue and taxation, providing

for license taxes on compounded, rectified, adulterated or blended distilled spirits, known and designated as single stamp spirits, and providing penalties for violations of its provisions.

"Be it enacted by the General Assembly of the commonwealth of Kentucky:

"Section 1. Every corporation, association, company, copartnership or individual engaged in this State in the business or occupation of compounding, rectifying, adulterating or blending distilled spirits, known and designated as single stamp spirits, shall pay to the commonwealth of Kentucky a license tax of one and one-fourth cent upon every wine gallon of such compounded, rectified, blended or adulterated distilled spirits.

"Sec. 2. It shall be the duty of each corporation, association, company, copartnership or individual engaged in this State in the business or occupation of compounding, rectifying, adulterating or blending distilled spirits, known and designated as single stamp spirits, to make and deliver to the Auditor of Public Accounts, on the thirtieth day of June, one thousand nine hundred and six (or within ten days thereafter), and at the end of each six months thereafter, a report sworn to, upon blanks to be furnished by the Auditor, stating the name, place of business and the number of wine gallons of compounded, rectified, adulterated or blended distilled spirits, known and designated as single stamp spirits, made during the six months then ended, and such other information as the Auditor may require, and at the same time pay into the State treasury, through the Auditor, the amount of taxes due the State, as herein provided, imposed by the last preceding section.

"Sec. 3. Before any corporation, association, com-

pany, copartnership or individual shall engage in the business or occupation of compounding, rectifying, adulterating or blending, in this State, the Auditor of Public Accounts shall be given notice of the intention of such corporation, association, company, copartnership or individual to engage in such business or occupation. The notice shall contain the name and place of residence of such corporation, association, company, copartnership or individual, and the approximate number of wine gallons of such compounded, rectified, adulterated or blended spirits the applicant contemplated making prior to the first date at which he is required to report the number of gallons made to the Auditor of Public Accounts under this act.

"Sec. 4. Upon receipt of such notice by the Auditor of Public Accounts, he shall issue to each applicant a certificate, showing that he has complied with this act. Any corporation, association, company, copartnership or individual, who shall engage in the business of compounding, rectifying, adulterating or blending, distilled spirits, known and designated as single stamp spirits, without first receiving said certificate herein provided for from the Auditor of Public Accounts, shall be guilty of a misdemeanor and subject to indictment in the Franklin circuit court, and fined any sum not less than five hundred dollars nor more than two thousand dollars.

"Sec. 5. Upon the payment of the license tax to the Treasurer through the Auditor of Public Accounts, as provided in this act, the Auditor of Public Accounts shall issue to such corporation, association, company, copartnership or individual authority to continue in the business or occupation of compounding, rectifying, adulterating or blending

distilled spirits known and designated as single stamp
spirits, if such authority is desired for six months or
until the date provided in this act when reports are
to be made.

"Sec. 6.  Any compounder, rectifier, adulterator
or blender liable for taxes imposed by this act, or
embraced by its provisions, who shall fail or refuse
to make and deliver to the Auditor of Public Accounts
a sworn report, containing all the facts required to
be reported, and pay the license tax as required by
this act, shall be deemed guilty of a misdemeanor,
and, upon conviction, shall be fined not less than fifty
nor more than one hundred dollars for each day of
such failure or refusal, to be recovered by indict-
ment in the Franklin circuit court, and shall forfeit
his right to engage in said business in this State.

"Sec. 7.  Any corporation, association, company,
copartnership or individual who shall ship any com-
pounded, rectified, blended or adulterated distilled
spirits, known and designated as single stamp spirits,
into this State for the purpose of labeling, branding,
marking or stamping the same as Kentucky whisky,
product or spirits, or which, before shipment into
this State, shall have been, or may thereafter be,
labeled, branded, marked or stamped as Kentucky
whisky, product or spirits, shall be deemed com-
pounders, rectifiers, blenders or adulterators under
the provisions of this act, and shall pay the license
tax imposed herein on compounders, rectifiers, blend-
ers or adulterators of such spirits in this State, and
shall make the report required herein to the Auditor
of Public Accounts.

"Any corporation, association, company, copartner-
ship or individual who shall violate this section of
this act shall be deemed guilty of a misdemeanor,

and fined in any sum not less than five hundred nor more than one thousand dollars. Each shipment shall be deemed a separate offense. The Franklin circuit court shall have jurisdiction of all offenses committed under this act.

"Sec. 8.   All laws or parts of laws in conflict with this act are hereby repealed."

See Acts 1906, p. 549.

On June 30, 1906, the Brown-Foreman Company filed a report with the Auditor showing that it had compounded or rectified distilled spirts, from what is known as "single stamp spirits," 2,795.64 wine gallons; also that it had compounded or rectified distilled spirits, from what is known as "double stamp spirits," 17,100 wine gallons. It paid the tax of 1 1-4 cents on the 2,795.64 gallons made from the single stamp spirits, but declined to pay the tax on the 17,100 gallons made from the double stamp spirits. The commonwealth brought this suit to recover the taxes, amounting to $201.25. The defendant filed a demurrer to the petition, and also filed an answer. In the answer it was averred that all distilled spirits in the United States are divided into two classes, and known as "double stamp spirits" from the fact that they carry two stamps under the internal revenue laws, and "single stamp spirits" by reason of the fact that they carry but a single stamp; that single stamp spirits are of two classes, those which carry a rectifier's stamp indicating that there has been a mixing of distilled spirits, and those carrying a wholesale liquor dealer's stamp, which does not indicate a mixing of distilled spirits, but only a transfer of packages. The court overruled the demurrer to the petition, and sustained the demurrer to the answer, and, the defendant failing to plead further, entered

judgment in favor of the plaintiff. From this judgment the defendant appeals.

It is insisted for the appellant that the act is invalid under section 51 of the Constitution, which requires that an act shall relate to only one subject, and that this subject shall be expressed in the title. It is said that the purpose of the act, as shown by the title, is to impose a tax on rectified spirits, and not a license tax on the occupation. If the title of the act had stopped with the words "An act relating to revenue and taxation," it would have been sufficient under the rule repeatedly laid down by this court. Commonwealth v. Godshaw, 92 Ky. 435, 13 Ky. Law Rep. 572, 17 S. W. 737; Conly v. Commonwealth, 32 S. W. 285, 17 Ky. Law Rep. 678, 98 Ky. 125; Rosenham v. Commonwealth, 2 S. W. 230, 8 Ky. Law Rep. 519. The remainder of the title in no way narrows the meaning of the words "An act relating to revenue and taxation." On the contrary, the remaining words of the title clearly show that the Legislature had in mind a license tax on compounded, rectified, adulterated, or blended distilled spirits. This court has steadily enforced the rule that section 51 of the Constitution should receive a reasonable, not a technical, construction, and no provision of a statute fairly within the purview of the subject expressed in the title shall be deemed within the constitutional inhibition. Jacobs v. L. & N. R. R. Co., 10 Bush 263; Allen v. Hall, 14 Bush 85; Trustees of Augusta v. Maysvlle, etc., R. R. Co., 30 S. W. 1, 97 Ky. 145, 16 Ky. Law Rep. 890.

It is also insisted for appellant that the act levies a property tax, and that it is invalid, under section 171 of the Constitution, for the reason that it is not uniform upon all property subject to taxation within

the territorial limits of the authority levying the tax. It is insisted that rectified spirits, like other property, must be taxed ad valorem, and that the act imposes an additional tax upon this class of property. The power to provide for taxation based on income, licenses, or franchises is expressly reserved in section 174, which provides that all property shall be taxed in proportion to its value; and by section 181 the General Assembly is authorized to provide for the payment of license fees on trades and occupations, or a special or excise tax. In Strater Bros. Tobacco Co. v. Commonwealth, 117 Ky. 604, 78 S. W. 871, 25 Ky. Law Rep. 1717, it was held that a license tax is valid, although the amount of it is made to depend upon the value of goods produced. In that case the manufacturer was required to pay on the manufactured product, for each factory, "one dollar on the marketable value of each one thousand dollars of such product," and it was insisted there, as here, that a tax upon property was levied. The court held otherwise. Among other things, it said: "The tax imposed is not levied upon property. It is simply a license tax, as declared by the General Assembly in the act. The Constitution not only does not prohibit the imposition of such a tax, but it expressly recognizes the right of the Legislature to impose it. It not only does so, but it authorizes it to be done in addition to an ad valorem tax.   *   *   *   The larger manufacturer is required to pay more than the smaller one, based upon the value of the product manufactured. If all manufacturers of tobacco, regardless of the manufactured product manufactured by each, had been made to pay the same license tax, then a more potential argument could be made against the validity of the law for the lack of uniformity

and inequality of burden than has been made against
the law here sought to be enforced. While this is
true, we would not hold it sound. If we did, then it
would logically follow that a license tax on retail
liquor dealers would be invalid, because the one who
sold a small quantity of liquor paid the same as the
one who sold many times as much. This court has
upheld ordinances imposing a license or occupation
tax on liverymen based upon the number of vehicles
employed in their business. Such taxes are not based
upon the value of the vehicles or the profit derived
from their use, but upon the number employed.''

We are unable to see any substantial difference
between that act and the one now before us. A license
tax is imposed. The amount of the license tax is
determined by the amount of spirits produced. The
tax is not upon the spirits. It is a license tax upon
the business. To hold it a tax upon the property,
we must disregard the word ''license'' in both the
title and the body of the act. That a license tax was
contemplated is also shown by section 3, which re-
quires that notice shall be given to the Auditor,
stating certain facts, before the business shall be
engaged in; by section 4, that upon such notice the
Auditor shall thereupon issue to each applicant a
certificate showing that he has complied with the act;
and by section 5, that upon the payment of the license
tax to the Treasurer the Auditor shall issue to such
persons authority to continue in the business, if such
authority is desired. Under the statute a man may
not legally engage in the business without giving the
notice and having the certificate from the Auditor.
The payment of the tax at the times required by the
statute is the condition upon which authority to con-
tinue in the business is made to depend. This is mani-

festly a tax on the business, and not upon the prop-
erty. The amount of the tax is simply regulated by
the amount of the product, but it is a license tax
upon the business. To hold otherwise would be to
say that the Legislature cannot impose a graduated
license tax based upon the amount of product manu-
factured. Section 7 also sustains this conclusion.
That section makes it unlawful for any person to ship
any rectified spirits into this State for the purpose
of marking same as ''Kentucky whisky,'' or which
before shipment into the State shall have been so
marked. All such shippers are to be treated as recti-
fiers in this State. No tax is levied upon rectified
whisky brought into this State, unless brought in as
provided in section 7. The tax under this section is
not laid as a burden upon the property, but to pre-
vent rectifying from being done out of the State and
the goods sold as the product of this State without
the payment of the rectifying tax. No tax is levied
upon rectified whisky in existence. The whole aim
of the act is to tax the business of rectifying after it
goes into effect.

It is further insisted for appellant that the act is
in conflict with section 180 of the Constitution in this:
That the act does not specify the purpose for which
the tax is levied. The part of section 180 relied on
is as follows: ''Every act enacted by the General
Assembly, and every ordinance and resolution passed
by any county, city, town, or municipal board or local
legislative body, levying a tax, shall specify distinctly
the purpose for which said tax is levied, and no tax
levied and collected for one purpose shall ever be
devoted to another purpose.'' The Constitution went
into effect in the year 1891. Pursuant to its pro-
visions a commission of learned lawyers was ap-

pointed to revise the statutes of the State so as to conform them to the provisions of the Constitution. Their revision was submitted to the first General Assembly which met after the adoption of the Constitution, which was composed of not a few members of the constitutional convention, and has since been known as the "Long Parliament," owing to the length of its sessions. In the revision of the laws relating to taxation, as made by them, it appears that they understood section 180 of the Constitution not to refer to license taxes. At least, in the acts passed by them levying license taxes, the purpose for which the tax is levied is not specified. Though the revenue laws of the State have been several times revised since 1891, in every revision the same course was followed. In none of the acts passed since the new Constitution levying license taxes has the purpose for which the tax is levied been specified. This contemporaneous construction of the Constitution, concurred in by so many Legislatures, ought not now to be lightly departed from. In addition to this, this court has time and again enforced fines based on the failure to pay licenses under the statutes referred to, and while the point now made does not appear to have been presented in any of these cases, still some effect must be given to the acquiescence of the bench and the bar in the legislative construction of the Constitution. Section 170, provides what property shall be exempt; section 171, for an annual tax uniform upon all property subject to taxation; section 172, for the assessment of property; section 174, for taxation of property in proportion to its value; and section 180, as to how taxes shall be levied. Manifestly section 174 does not apply to franchise taxes, and section 180 was not intended to apply to them as shown

by section 181, which is in these words: ''The General Assembly shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes. The General Assembly may, by general laws only, provide for the payment of license fees on franchises, stock used for breeding purposes, the various trades, occupations and professions, or a special or excise tax; and may, by general laws, delegate the power to counties, towns, cities and other municipal corporations, to impose and collect license fees on stock used for breeding purposes, on franchises, trades, occupations and professions.'' The second clause of this section is the authority of the General Assembly for license taxes. The first clause of the section refers to other taxes for municipal purposes, and the third clause to municipal license taxes, showing that the constitutional convention kept in mind that it had not in its previous provsions covered the subject of license taxes. We announced this conclusion in the recent case of Shugar v. Hamilton, 122 Ky. 606, 92 S. W. 564, 29 Ky. Law Rep. 127, and upon a reconsideration of the question we adhere to the rule then announced.

Lastly, it is insisted that the license tax is to be paid by the rectifier upon the amount of rectified spirits which he makes by blending distilled spirits known and designated as ''single stamp spirits,'' but that he is not taxed at all on rectified spirits which he makes by using double stamp spirits. The act was not aimed at the spirits used in rectifying. It levies a license tax upon the business. The thing in the mind of the Legislature was the business of rectifying, and the license tax is regulated by the amount

of the product. What the Legislature has in mind was the rectified product, not the character of spirits used in producing it. Omitting other words, as shown by the title of the äct, it provides for a license tax on rectified distilled spirits. The first section of the act requires the payment of the license tax of 1 1-4 cents upon every gallon of rectified distilled spirits. The words "compounded, blended or adulterated" are simply used to make clearer the meaning. That this is the meaning is shown by section 2, which describes the business upon which the tax is levied as "the business or occupation of compounding, rectifying or blending in this State," and requires a statement of "the approximate number of wine gallons of such compounded, rectified or blended spirits the applicant contemplates making prior to the first date at which he is required to report." That this is the meaning of the act is also shown by section 7, punishing any person "who shall ship any compounded, rectified, blended, or adulterated spirits" into this State for the purpose of stamping same as "Kentucky whisky." It is a matter of common knowledge that a large part of the whisky used in the United States is rectified; that is, that a barrel of whisky as it comes out of the distillery is adulterated by the rectifiers, so as to make five or six barrels of whisky out of it. See Taylor v. Taylor, 85 S. W. 1085, 27 Ky. Law Rep. 628. And it is this business of multiplying the whisky which is distilled that the Legislature imposed the license tax upon.

The act is not in conflict with section 202 of the Constitution: "No corporation organized outside the limits of this State shall be allowed to transact business within the State on more favorable conditions than are prescribed by law to similar corpora-

tions organized under the laws of this common-wealth.'' The license tax is imposed upon the occupation of rectifying in this State. A foreign corporation, pursuing the business in this State, must pay the tax, no less than a home corporation doing the same business in the State. The home corporation, engaged in the rectifying business, not in Kentucky, but elsewhere, is no more liable to the tax than a foreign corporation, engaged in the business in another state, but not in Kentucky. The home corporation and the foreign corporation stand just alike under the statute. Both are liable to the tax if they engage in rectifying in the State, and neither is liable if it does not so engage in the business. The Legislature cannot regulate interstate commerce, but may regulate the occupation of rectifying in this State, and to this end may provide against rectified whisky made elsewhere being brought here, branded as ''Kentucky whisky,'' and sold as such in the State. Section 7 of the act is a legislative exercise of the police power to protect the people of the State against deleterious compounds, to prevent shifts or devices to evade the tax, and to protect the manufacturers of the State against competition with rivals who falsely mark their goods ''Kentucky whisky'' to deceive purchasers.

The act is not in violation of the fourteenth amendment of the Constitution of the United States, or of any provision of that instrument. Residents of the State and nonresidents are treated just alike. A resident of Kentucky may have his establishment outside of Kentucky, and be no more liable to the tax than the nonresident of the State following the same business in the same locality. No person within the State is denied the equal protection of its laws. The tax

is on the occupation, and is imposed on all alike who are engaged in the occupation in the State.

Judgment affirmed.