CASE 60.—ACTION BY DR. C. BOUVIER SPECIALTY COM-
PANY AGAINST FRANK P. JAMES AS AUDITOR
AND OTHERS, TO RECOVER A LICENSE TAX ON
DISTILLED SPIRITS PAID UNDER A MISTAKE OF
THE LAW.—April 29, 1909.

# Dr. C. Bouvier Specialty Co. v. James, Auditor

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for defendants, plaintiff appeals.—Af-
firmed.

1. Intoxicating Liquors—Licenses—"Compounding or Adultera-
ing."—The manufacture of buchu gin by pouring pure gin on
a bed or mat of buchu leaves and allowing it to percolate
through; then adding distilled water and syrup, the gin com-
prising some 50 per cent. or more of the compound,
which is 46 per cent. alcohol and designed for use as a
beverage, constitutes a "compounding or adulterating" within
St. 1909, Sec. 4114A et seq., imposing a license tax of 1¼
cents a wine gallon on the business of compounding, recti-
fying, adulterating or blending distilled spirits.
2. Intoxicating Liquors — Distilled Spirits — "Single-Stamp
Spirits."—Single-stamp spirits within St. 1909, sec. 4114A et
seq., imposing a tax on the business of compounding, rectify-
ing, adulterating, or blending distilled spirits known and
designated as single stamped spirits, is not confined to
whisky, but includes any distilled alcoholic spirits used as a
beverage whether single or double stamped.

ALFRED SELLIGMAN for appellant.

POINTS MADE AND AUTHORITIES CITED.

1. The act of March 28th, 1906, imposing a tax of 1¼ cents on
each wine gallon of compounded, rectified, adulterated or blended
distilled spirits made in the Commonwealth of Kentucky, does
not apply to the product obtained by percolating single stamped
gin through a bed of Buchu leaves, merely tincturing the gin
with the medical properties of the Buchu. Brown-Forman &
Co. v. Commonwealth, 30 Ky. Law Rep. 793; American & Eng-
lish Encyclopedia of Law, 2nd edition, Volume 1, page 738;
People v. West, 44 Hun. (N. Y.), 162; Bouvier Law Dictionary;
International Dictionary; United States v. 32 barrels of distilled
spirits 5 Fed., Rep.; Webster's Dictionary; Quantity of Distilled
Spirits, 3 Ben (U. S.), 73.

Dr. C. Bouvier Specialty Co. v. James, Auditor.

2. The appellant is entitled to maintain the action. Cases distinguished: Louisville & Nashville Railroad Co. v. Commonwealth, 89 Ky., 531; German Security Bank y. Coulter, 112 Ky., 584; Louisville & Nashville v. Hopkins, 87 Ky. 604; First National Bank v. Hopkinsville, 108 S. W., 311; Section 6, Act March 28, 1906; Section 126 Kentucky Statutes.

JAS. BREATHITT, Attorney General and JNO. F. LOCKETT, Assistant Attorney General, for appellee.

Believing as we do, that the petition of the plaintiff discloses in itself that it is a compounder, rectifier, adulterator and blender of distilled spirits, within the meaning and intent of the Act of March 28, 1906, we rest the case upon the righteousness of the opinion of the lower court, in holding that the petition of plaintiff was fatally defective, upon its declining to further plead, ordered its petition dismissed. Wherefore, we ask an affirmance of the decision below.

### AUTHORITIES.

Ky. Stat., Sec. 163; Ky. Stat., Sec. 162; Boyd v. Bethel, 10 Ky. Law Rep., 410; Union Boiler Co. v. Louisville Ry. Co., 25 R., 124; L. & N. R. R. Co. v. Commonwealth, 98 Ky., 531; German Security Bank v. Coulter, 112 Ky., 584; Louisville & Nashville R. R. Co. v. Hopkins, 87 Ky., 604; First National Bank v. Hopkinsville, 108 S. W., 311; Southern Div. Cum. R. R. Co. v. Marion Co., 11 R., 329; Bank v. Stone, 108 Ky., 427; Grayson National Bank v. City of Leitchfield; decided December 15, 1908.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

By an act of the General Assembly, extraordinary session of 1906, the business of compounding, rectifying, adulterating, or blending distilled spirits, "known and designated as single-stamp spirits," is required to pay a license tax of 1¼ cents a wine gallon on such compounded, blended, or rectified article. Section 4114A et seq., Ky. St. 1909. Appellant is a domestic corporation engaged in the production of what it has named "buchu gin." It was required to report and pay license tax on its business. It now sues the Auditor of Public Accounts to recover the sums so paid, alleging that the payments were coerced from it and were made under a

mistake of law and fact as to its liability therefor. It asserts that its product is not blended or rectified spirits, but is a medicinal preparation solely, and that, while it contains some 46 per cent. of alcohol, it has certain of the constituent elements of buchu, which, with the syrup and water that is added, make it potable, and impart to it certain medicinal properties. Just what per cent. of the properties of buchu is incorporated in the product is not stated in the petition. It is manufactured by pouring pure gin upon a bed or mat of buchu leaves and allowing it to percolate through; then add distilled water and syrup, the gin comprising some 50 per cent. or more of the compound. "Gin" is distilled alcoholic spirits, made from rye and barley, flavored with juniper berries or turpentine. It is notoriously strong alcoholic spirits. When diluted and sweetened, with the slight flavor of buchu leaves added, it would be, and doubtless is, an attractive drink as a beverage, and is so advertised by appellant. The quantity of the medicinal properties of buchu leaves is negligible, or may be, as this product is made; but, although it may have some medicinal quality, its main constituent is gin, and the principal use designed for it is as a beverage. The process of making it is a "compounding" or "adulterating," as those words are used in the statute.

While the statute speaks of "single-stamp spirits," it was not intended to confine it to whisky, as appellant contends; but any distilled spirits, alcoholic and used as a beverage, whether single stamped or double stamped, are included within the intent of the act. Brown-Foreman Co. v. Commonwealth, 125 Ky. 402, 101 S. W. 321, 30 R. 793. The act is primarily a revenue act, is so denominated by the Legislature, and

classed as such by it and the compiler of the statutes. Incidentally it was designed to protect the distillers of straight whiskies and to protect the public from spurious and adulterated articles. The business of making a merchantable potation to be sold as a beverage, by blending distilled alcoholic spirits of the proof which is required to pay a revenue tax to the United States government, with any other liquid, or by adulterating such distilled spirits by diluting it so it will have a lower spirit proof, is taxed by the statute. Nor does it make any difference what name may be given the product, or what uses, whether good or innocent, it may be suited to. That occupation or business is taxed, and the license prescribed by the statute is necessary, or it is unlawful to conduct it.

Such was the effect of the judgment of the circuit court, and it is affirmed.