## State Tax Commission v. Hughes Drug Company.

### Same v. Seiberz.

(Decided March 11, 1927.)

Appeals from Franklin Circuit Court.

1. Intoxicating Liquors.—Acts 1926, c. 165, imposing tax of $.50 on each pint of distilled spirits sold at retail, held valid as an "excise tax" for purpose of raising revenue, under Constitution, section 181; "excise" being defined as an inland duty, or impost operating as an indirect tax on the consumer, etc. (citing Words and Phrases, First and Second Series, "Excise Tax.")

2. Intoxicating Liquors.—Acts 1926, c. 165, imposing tax of $.50 on each pint of distilled spirits sold at retail, imposes tax on all retailers, and therefore is uniform, within Constitution, section 171.

3. Taxation.—Constitution contains no limitation on power of Legislature to impose excise taxes, except they must be uniform and equal as to commodities and persons affected, it being within power of Legislature to select objects on which excise shall be laid.

FRANK E. DAUGHERTY, Attorney General, and O. S. HOGAN, Assistant Attorney General, for appellant.

D. L. HAZELRIGG for appellee Hughes Drug Company.

WALTER P. LINCOLN for appellee Seiberz.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The two above styled appeals involve the same question and were heard together below, and, a motion having been sustained to hear them together in this court, they will be disposed of in one opinion.

The question involved is the validity of chapter 165 of the 1926 Acts of the General Assembly, which is an act imposing an excise or license tax of 50c on each pint sold at retail in this state of all distilled spirits known as whiskey, brandy, gin, rum and other species of double stamped spirits, and requiring each individual, association, partnership, joint-stock company and corporation selling such distilled spirits at retail to pay such tax for the privilege of engaging in such business.

The appellee, Hughes Drug Company, is a corporation engaged in the drug business, and it filed this suit in the Franklin circuit court seeking to have the act declared unconstitutional and void. The petition alleges that the act is violative of the Constitution and is void either as a revenue raising act or as a regularatory act. Appropriate pleadings were filed, and, the case having been submitted, the lower court entered a judgment declaring the act in question unconstitutional and void.

It is earnestly argued that the tax was imposed for the purpose of raising revenue and is void, being violative of the uniformity provisions of the Constitution; that it is not regulatory in its nature and cannot be sustained as an exercise of the police power of the state.

It may be conceded at the outset that the act was plainly intended to be, and is, one for the purpose of raising revenue and not to regulate the business of selling the articles therein named; and as an act to raise revenue if the tax is a property tax, as contended by appellee, then it is invalid, being in violation of section 171 of the Constitution, which provides that taxes shall be uniform upon all property of the same class subject to taxation within the territorial limits of the authority levying the tax. However, the tax is clearly not a property tax but is an excise tax such as is authorized by section 181 of the Constitution, which provides in part:

"The General Assembly may, by general laws only, provide for the payment of license fees on franchises, stock used for breeding purposes, the various trades, occupations and professions, or a special or excise tax."

An excise tax is defined by Black's Law Dictionary as, "An inland imposition paid sometimes upon the consumption of a commodity and frequently upon a retail sale," and "excise law" is defined by the same authority as, "A law imposing excise duties on specified commodi-

ties and providing for the collection of revenue there-
from. In a more restricted and more popular sense, a
law regulating, restricting or taxing the manufacture or
sale of intoxicating liquors." In Baldwin's edition of
Bouvier's Law Dictionary "Excise" is defined as, "An
inland imposition paid sometimes upon the consumption
of a commodity and frequently upon the retail sale.
Storey's Const., sec. 950; Cooley on Taxation 4. A tax
laid upon the manufacture, sale or consumption of com-
modities within the country; upon licenses to pursue cer-
tain occupations and upon corporate privileges. 220 U. S.
151; Cooley on Constitutional Limitation, 7th Ed. 680."
In Anderson's Dictionary of Law "excise" is defined as,
"An inland imposition sometimes upon the consumption
of a commodity, and sometimes upon the retail trade;
sometimes upon the manufacturer and sometimes upon
the vendor." In Pollock v. Trust Co., 157 U. S. 429, it
is said: "Excises are a species of tax consisting gen-
erally of duties laid upon the manufacture, sale or con-
sumption of commodities within the country or upon
certain callings or occupations, often taking the form of
exactions for licenses to pursue them." In Words and
Phrases "excise" is defined to be an inland duty or im-
post operating as an indirect tax on the consumer, a
fixed, absolute and direct charge laid on merchandise,
products or commodities. In 26 R. C. L. 34 it is said:
"Excises, in their original sense, were something cut off
from the price paid on a sale of goods, as a contribution to
the support of the government. The word has, however,
come to have a broader meaning and includes every form
of taxation which is not a burden laid directly upon per-
sons or property; in other words, excise includes every
form of charge imposed by public authority for the pur-
pose of raising revenue upon the performance of an act,
the enjoyment of a privilege, or the engaging in, an
occupation." In Booth's Executor v. Commonwealth, 130
Ky. 88, 113 S. W. 61, in holding an inheritance tax to be
an excise tax, this court said: "While it is true that
'excise' has been defined to be an inland duty or impost
levied upon articles of manufacture or sale, and also
upon licenses to pursue certain trades or to deal in cer-
tain commodities, it is nevertheless a term of very gen-
eral signification, meaning tribute, custom tax, tollage
or assessment, and in recent years the courts have so en-
larged its meaning as to declare that an inheritance tax

is an excise tax; indeed, it is so denominated in practically every case in the list previously cited." In Raydure v. Board of Supervisors, 183 Ky. 84, 209 S. W. 19, it was held that the oil production tax was not a property tax, and was authorized under section 181 of the Constitution, and was valid although the construction placed upon it had the effect of imposing a double tax on the owner of an oil lease who is also the owner of an oil producing well on the leased territory, as his oil lease is subject to an *ad valorem* tax and the oil he produced to a production tax. Other instructive cases are Strater Bros. Tobacco Co. v. Commonwealth, 117 Ky. 604, 78 S. W. 871; Brown-Foreman Co. v. Commonwealth, 125 Ky. 402, 101 S. W. 321; Maine v. Grand Trunk Railway Co., 142 U. S. 217; Gundling v. Chicago, 177 U. S. 183; Flint v. Stone Tracy Co. 220 U. S. 107; Saviers v. Smith, 128 N. E. (Ohio) 269; Miller v. People, 230 P. (Colo.) 603; 37 Cyc. 810.

Appellee insists, however, that there is no authority for the legislature to impose a special or excise tax upon a part or a fragment of a trade, and that medicinal whiskey being only one of the many articles sold by druggists, its sale only constitutes part of the business of the druggist, and it relies on the case of Commonwealth v. Fowler, 96 Ky. 166, 28 S. W. 786. An examination of that case shows that what the court said in regard to the validity of the statute there under consideration, if regarded as a revenue statute, was not necessary to the decision of the case, but the statute was held to be valid, as it was a regulatory statute and not one to raise revenue. If regarded as a revenue statute it was clearly void for the reason that it violated the uniformity provisions of the Constitution, as it imposed a license fee on druggists who retailed spirituous and vinous liquors different from license fees required of others who could at that time engage in the retail liquor business. The 1926 act is not subject to that criticism, as it is not limited in its application to druggists but applies to each individual, association, partnership, joint stock company or corporation engaged in the business of selling at retail distilled spirits. It is true that under the present federal and state prohibition acts the sale of distilled spirits for medicinal purposes is confined to druggists or pharmacists, but in the event the privilege of selling such commodities is granted to others than druggists or pharmacists the act of 1926 will apply to them in the same

manner. The tax as an excise tax is therefore uniform within the meaning of section 171 of the Constitution.

In the case of Craig, Auditor v. E. H. Taylor & Sons, 192 Ky. 36, 232 S. W. 395, also relied on by appellee, this court had before it for construction a statute imposing a license tax of 50c per gallon upon every person engaged in the manufacture of distilled spirits and in the business of owning and storing such spirits in bonded warehouses in the state and in removing same therefrom for any purpose, and the court held that the tax on the whiskey was essentially a tax on property and was not sustainable as an occuupation or excise tax, and the act was therefore unconstitutional. The act there assailed attempted to impose a tax on the ownership of the property, which was a tax on the thing itself.

We have been cited no authorities holding that an excise tax might not be imposed on the sale of a particular commodity although its sale constitutes only a part of a trade or business except a statement in Fowler v. Commonwealth, *supra*, which was unnecessary in the decision of that case. To hold that an excise tax must apply to the whole of a trade or business is to confuse such a tax with an occupation tax. The Constitution contains no limitation upon the power of the legislature to impose excise taxes except they must be uniform and equal as to the commodities and persons affected, it being within the power of the legislature to select the objects upon which an excise shall be laid. A long list of objects, including the sale of distilled spirits, might be enumerated which have been deemed properly subject to an excise. In Patton v. Brady, 184 U. S. 608, in discussing an act of Congress imposing a tax on manufactured tobacco, the court said:

"The tax on manufactured tobacco is a tax on an article manufactured for consumption, and imposed at a period intermediate the commencement of manufacture and the final consumption of the article.

"It is practically conceded by one counsel for plaintiff in error that this is an excise tax. After discussing the question at some length he says:

" 'To determine then what excise means we have for our guidance, first, an enumeration of the articles that it fell on in Great Britain in 1787. We have, second, the nature of the tax as judicially de-

termined; and we have, third, the definition of it, or the common understanding of men about it, as given by the Encyclopedia Britannica and the Century Dictionary. Taking these three sources of information and combining them, it would seem that the leading idea of excise is that it is a tax, laid without rule or principle, upon consumable articles, upon the process of their manufacture and upon licenses to sell them. . . . Since tobacco was supposed to be one of the subjects to which excise was applied in England when the Constitution was framed, I shall assume that the court will hold that the tax in this case is an excise.'

"It is true other counsel in their brief have advanced a very elaborate and ingenious argument to show that this is a direct tax upon property which must be apportioned according to population within the rule laid down in the income tax cases, but, as we have seen, it is not a tax upon property as such but upon certain kinds of property, having reference to their origin and their intended use. It may be, as Dr. Johnson said, 'a hateful tax levied upon commodities;' an opinion evidently shared by Blackstone, who says, after mentioning a number of articles that had been added to the list of those excised, 'a list which no friend to his country would wish to see further increased.' But these are simply considerations of policy and to be determined by the legislative branch, and not of power, to be determined by the judiciary. We conclude, therefore, that the tax which is levied by this act is an excise, properly so called."

Also see McCray v. U. S., 195 U. S. 27; Bank of Commerce & Trust Co. v. Senter, 260 S. W. 144; Amos v. Gunn, 94 So. 615

We conclude that the act in question is a valid exercise of legislative power and not in contravention of any provision of the Constitution.

Judgment reversed, with directions to dismiss the petition.

The whole court sitting.