**CIRCLE "C" COAL COMPANY, INC., Appellant,**

v.

**COMMONWEALTH of Kentucky, By and On Relation of Robert H. Allphin Commissioner of Revenue, Appellee.**

Court of Appeals of Kentucky.

Dec. 23, 1981.

Discretionary Review Denied March 23, 1982.

Dan Jack Combs, Combs & Lester, P. S. C., Pikeville, for appellant.

Arnold C. Jones, Legal Services Division, Dept. of Revenue, Frankfort, for appellee.

Before HAYES, C. J., and REYNOLDS and WILHOIT, JJ.

HAYES, Chief Judge:

The Circle "C" Coal Company, Inc., appeals a summary judgment of the Franklin Circuit Court which found the company liable to the Commonwealth for delinquent severance taxes. The judgment also awarded the Commonwealth penalties and interest, required the company to post a bond and enjoined the company from doing business in the Commonwealth until the amounts owing are paid.

The company argues on appeal that the trial court erred in allowing the action to proceed in the absence of pleading and proof that the action was approved and authorized by the Commissioner of Revenue and that the trial court was without jurisdiction under KRS 135.050(2) to enjoin the company from severing coal in the Commonwealth.

The first contention made by the company concerns the trial court's jurisdiction over the action. The company urges that KRS 135.060(2) requires a showing of approval by the commissioner of revenue which approval was not demonstrated by the pleadings or proof. KRS 135.060(2) reads as follows:

Each field agent, accountant or attorney appointed by the commissioner, before instituting or causing to be instituted any action that he is authorized by law to institute shall file a copy of same with the commissioner with a verified statement of the facts upon which it is based. No action shall be instituted by any field agent, accountant or attorney until it is approved and authorized by the commissioner.

No definition is provided to determine precisely who field agents, accountants and

attorneys are. If the staff attorneys with the Department of Revenue who are employees of the Commonwealth are among those considered field agents, accountants and attorneys, then KRS 135.060(2) is applicable and constitutes a condition precedent to the bringing of an action such as was here brought.

In order to determine if the attorneys who brought the present action are those mentioned in KRS 135.060(2), we must examine the other revenue statutes. KRS 134.380 states that the commissioner of revenue may, among other things, act in the name of the state to institute and prosecute actions for the collection of delinquent taxes. Subsection two of the statute provides:

The commissioner may employ field agents, accountants and attorneys to prosecute all such actions and proceedings, and may fix their compensation, including the payment of their necessary expenses. Their employment and compensation shall be approved by the governor in writing. The commissioner shall prosecute diligently, or cause to be prosecuted by field agents, accountants and attorneys employed by him, the collection of all delinquent taxes due the state.

In the case of *Talbott v. Public Service Commission*, 291 Ky. 109, 163 S.W.2d 33 (1952), the court, in interpreting the predecessor statute to KRS 134.380, held that attorneys who are employed under this provision are independent contractors and not officers or employees of the state. The attorneys who brought the present action are departmental employees. Therefore, they are not independent contractors falling in the category of field agents, accountants and attorneys referred to in KRS 134.380. It would naturally follow that the field agents, accountants and attorneys referred to in KRS 135.060(2) are the same ones mentioned in KRS 134.380. That this is so, is not simply because the language used is identical, but also because it is logical that a more elaborate system of the commissioner's approval would be required when dealing with independent contractors, than with attorneys who are departmental personnel.

■ The trial court stated that while KRS 131.020 concerning the organization of the department provides that the commissioner of revenue shall perform all functions of the department, it is obvious that the commissioner does not personally perform all such functions, but supervises those in the department who do perform them. We agree with this interpretation. In the present case, the commissioner was seeking to collect delinquent taxes. Under KRS 134.380(2), the commissioner is given the option of prosecuting such an action or causing an action to be prosecuted by independent contractors, the field agents, accountants or attorneys. Here the commissioner sought to collect the taxes directly through the department, utilizing staff attorneys. These staff or in-house attorneys are not field agents, accountants, attorneys, or independent contractors, and are not subject to the provisions of KRS 135.060(2) relating to verification and commissioner approval.

In the future, for the sake of clarity, it would be a good practice for complaints brought by the department to have printed at the end, "the Commonwealth of Kentucky Department of Revenue" followed by the signature line for the staff attorney which should read, "By: the attorney's name." There would then be no question as to the attorney's capacity as an actual part of the department bringing the action. The failure of the present complaint to so read is not a fatal error but rather gives rise to the confusion here discussed. As the attorneys here were not independent contractors, it was not necessary for them to demonstrate compliance with KRS 135.060(2), through pleadings or proof. The trial court was possessed of jurisdiction over the action.

■ The company finally maintains that the trial court was without jurisdiction to enjoin the company from severing coal in the Commonwealth until the monies owed are paid. The company insists that the coal severance tax is not an excise tax, in which case injunctive relief under KRS 135.050(2) would not be available. The company con-

tends that the severance tax is not an excise tax because KRS 143.100 refers to severance, excise and various other named taxes and also because the severance tax provisions are in KRS Chapter 143 rather than Chapter 138 entitled excise taxes. As to the first proposition, since KRS 143.100 is intending to prevent any entity except the Commonwealth from levying any type tax on the severance and processing of coal, it is understandable that the legislature, to avoid later semantic problems, would use any and all possible names for taxation even if some were practically synonyms for one another. As for the second contention, the fact that the tax for the severing or processing of coal is in a separate chapter does not establish that such a tax is not an excise tax. The character of the tax is not determined by the label placed upon it by the legislature, but by its operation and effect. *City of Louisville v. Sebree*, 308 Ky. 420, 214 S.W.2d 248 (1948).

One of the most widely accepted definitions of the term excise tax is that an excise tax includes every form of taxation not imposed directly upon property or a person. *State Tax Commission v. Hughes*, 219 Ky. 432, 293 S.W. 944 (1927). KRS 143.020 provides that the tax is levied upon the privilege of severing or processing coal. Such a tax is not imposed directly upon property or upon a person because one is not subject to taxation unless and until one engages in the severing or processing of coal. The company argues that the tax may be upon the severing and processing of coal, but that it hints at having some characteristics of an *ad valorem* tax because of the taxing scheme set out in KRS 143.020. We cannot agree. The tax is not an *ad valorem* tax merely because the measure is based upon the valuation of the coal severed. The measure of taxation here is but a standard. *City of Louisville v. Sebree, supra.* We hold that the tax upon the privilege of severing and processing coal in the Commonwealth is an excise tax. Therefore the trial court properly granted the

injunctive relief sought under KRS 135.-050(2).

The judgment is affirmed.

All concur.