CASE 55—WRIT OF PROHIBITION—MARCH 26.

# City of Carlisle v. Heckinger & Co., Etc.

APPEAL FROM NICHOLAS CIRCUIT COURT.

1. MUNICIPALITIES—PEDDLERS' LICENSE—AUTHORITY TO IMPOSE.— Under the general authority given to cities of the fifth class by their charter (sec. 3637, sub-section 4, Kentucky Statutes), "to impose and collect license fees * * * on all franchises, trades, occupations and professions," they are authorized to impose on, and collect from peddlers, or itinerant retailers, a license tax.

2. CONSTITUTIONAL LAW.—The provision of section 168 of the Kentucky Constitution that "no municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense," has no application to fines imposed by a municipality for the violation of a purely local ordinance.

THOS. OWENS FOR APPELLANT.

1. The statutes do not prescribe any penalty for the breach of a city ordinance, and the provisions of section 168 of the Constitution were intended to prevent the fixing of different penalties by the city from those fixed by the State for the same offense.

2. The city had the authority to enact the ordinance imposing the license fee. Ky. Cons., sec. 181; Ky. Stats., sec. 3637, subsec. 4.

CHAS. W. WOOD FOR APPELLEES.

1. The penalty denounced by the statutes for peddling goods without license is not less than $50 nor more than $1,000 (Ky. Stats., sec. 4201); the penalty denounced by the city ordinance being less than that denounced by the State is in violation of section 168 of the Constitution, and, therefore, void. Taylor v. City of Owensboro, 17 Ky. Law Rep., 856.

2. The county courts have exclusive jurisdiction to grant peddlers' license. Ky. Stats., sec. 4219.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

By an ordinance of the common council of Carlisle, a city of the fifth class, license fees, required to be paid by peddlers or itinerant retailers of goods, wares and merchandise of any description, was fixed at $50 per year, or $5 per day. And by another ordinance it was provided that wherever any thing, calling or article, is required to be licensed, a person who shall do such thing, pursue such calling or employ such article without such license, shall be fined for each offense (each day being deemed a separate offense), not specially provided for, not less than $5 nor more than $100

Appellee, David Heckinger and Daniel Kiefer Company, and William Trouts, Jr., a traveling salesman or agent of the firm, brought the present action against the city of Carlisle for a writ of prohibition restraining appellant and its officers from "executing warrants under said ordinances or from any way interfering with or arresting or molesting the appellee or its agents for selling goods in said city."

According to an agreed statement of facts, William Trouts is a resident of the city of Maysville, and clerk

and agent of David Heckinger & Co., owners and propri-
etors of a clothing store in that city; that he came to the
city of Carlisle, September 14, 1896, bringing with him a lot
of clothing, rented a room at the St. Cloud Hotel, in Car-
lisle, displayed and offered his goods for sale and sold a
portion of them without having procured a license from
the city of Carlisle to pursue such calling; that Heckinger
& Co. are *bona fide* merchants of Maysville and residents
of this State, and pay taxes on said goods and pay their
proportion of the burden of supporting by taxation the
county, city and State in which they are residents.

The lower court, upon final hearing, adjudged the
ordinance fixing the fine mentioned invalid, and that con-
sequently the common council of the city of Carlisle and
all officers thereof be prohibited punishing or attempting
to punish by fine or otherwise, appellees Heckinger & Co.,
or their agent, for refusing to pay the license fee men-
tioned in said ordinance.

There arises two questions to be considered on revision
of the judgment appealed from. First, whether in exer-
cise of the power conferred by section 181 of the Consti-
tution upon the General Assembly to delegate authority
to municipal corporations to impose and provide for col-
lection of taxes, the authority has been, in fact, given to
cities of the fifth class, to which Carlisle belongs, to im-
pose and collect the license fee in question.

Second, whether imposition by ordinance of the common
council of Carlisle of the fine in question because less than
that provided for the same offense by section 4201 Ken-
tucky Statutes, being not less than $50 nor more than

$1,000, is invalid because repugnant to section 168 of the Constitution as follows:

"No municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense. A conviction or acquittal under either shall constitute a bar to another prosecution for the same offense."

Subsection 4, section 3637, Ky. Stats., empowers a city of the fifth class "to impose and collect license fees on stock used for breeding purposes, and on all franchises, trades, occupations and professions."

Although authority is not thereby specifically conferred to impose and collect a license fee or tax upon peddlers or itinerant retailers of goods, wares or merchandise, still if the trade or occupation of such persons be exercised within the limits of a municipal corporation for profit, and in competition with resident tax payers, we do not see any reason why they should not, nor may not, in entire harmony with the language used, be subject to payment of the license fee.

Under the former Constitution, a vicious practice was permitted, or might and was frequently resorted to by violaters of common law offenses, or offenses forbidden by statutes, general in character, of voluntarily surrendering and consenting to imposition of a fine by a municipal officer less in amount or degree than would have been imposed by State courts.

It was to remedy that evil that section 168 was made a part of the Constitution, not to interfere with or permit a municipal Legislature imposing fines at its discretion,

for violation of an ordinance merely local in its operation. That imposition of such fine is not a bar to prosecution for peddling without license in violation of the General Statutes of the State, shows it was not intended to be within purview of or prohibited by the Constitution.

Wherefore the judgment is reversed for further proceedings consistent with this opinion.