CASE 4.—ACTION BETWEEN THE CITY OF COVINGTON AND JOHN DALHEIM AND OTHERS TO TEST THE VALIDITY OF AN ORDINANCE TAXING OCCUPATIONS.—June 4.

## City of Covington v. Dalheim, Etc.

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

From the judgment the city appeals.—Affirmed.

1. Licenses—Occupation Tax — Grocers — Uniformity. — Under Const. section 181, allowing license taxes on trades, occupations, etc., and Ky. Stats., 1903, section 3058, subsection 2, authorizing cities of the second class to tax grocers, etc., the tax must apply to all grocers in a city; and hence an ordinance levying a tax on grocers only who employ delivery wagons is invalid.

2. Same—Vehicles.—Ky. Stats., 1903, section 3058, subsection 2, authorizing cities of the second class to license and tax cabs, wagons, etc., and "all other vehicles used or let for hire," does not authorize a city to tax delivery wagons used by grocers.

C. J. HANLON, city solicitor, for appellant.

### CITATIONS.

CONSTRUCTION OF ORDINANCE IN QUESTION.

Jung Brewing Co. v. City of Frankfort, 18, Ky. Law Rep., page

City of Covington v. Dalheim, etc.

855; City of Covington v. Woods, etc., 98 Ky. Rep., pages 346, 347; First Dillon on Municipal Corporations, section 420, page 486; Baltimore v. Clunet, 23 Md., page 449; Martindale v. Palmer, 52 Ind., 411; Amer. and Eng. Enc, of Law, second edition, vol. 21, pages 977, 978 and cases cited in foot notes; City of Covington v. Herzog, 25 Ky. Law Rep., pages 938, 939; Com'lth v. Laundry Co., 105 Ky., 257; Crossdale v. Cynthiana, 21 Law Rep., page 36; Evers v. City of Mayfield, 27 Ky. Law Rep., 481; West v. City of Mt. Sterling, 23 Ky. Law Rep., 1670; City of Carlisle v. Heckinger & Co., 20 Ky. Law Rep., 74; Town of Pikeville v. Hoffman, 23 Ky. Law Rep., 1692.

H. D. GREGORY and GREENE & VANWINKLE for appellee.

AUTHORITIES CITED FOR APPELLEES.

Ky. Stats., section 3058; Ky. Const., section 181; City of Covington v. Woods, etc., 98 Ky., 347; Kansas City v. Grust, 151 Mo. 128; McGraw v. Town of Marion, 98 Ky., 673.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Affirming.

This action tests the validity of the following ordinance enacted by the common council of the city of Covington:

"An ordinance to license and regulate the grocery business within the city of Covington, Kentucky.

"Grocer Wagon License.

"Sec. 409. (1) Be it ordained by the general council of the city of Covington, Kentucky, that it shall be unlawful for any person, firm or corporation to engage in or transact any business as a grocer within the city of Covington, Kentucky, without obtaining a license so to do.

"License Fees.

"Sec. 410. (2) Be it further ordained, that the amount to be paid for said license per annum is five dollars ($5.00) for each one-horse wagon, seven and

fifty one-hundredths ($7.50) dollars for each two-horse wagon, and ten ($10.00) for each three-horse wagon used in said business.

"Fire Fund.

"Sec. 411. (3) Be it further ordained, that all money collected under this ordinance shall be for the benefit of the fire fund.

"Penalty.

"Sec. 412. (4) Be it further ordained, that any person, firm or corporation violating any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction in the police court be fined not less than five dollars ($5.00) nor more than twenty-five ($25.00) dollars and costs of prosecution for each offense."

The constitution allows a license tax to be imposed on trades, occupations, and professions. Section 181, Const. In pursuance of that power, the legislature has authorized second-class cities (to which Covington belongs) to impose license taxes as follows: Subsection 2, section 3058, Ky. St., 1903: "To license, tax and regulate undertakers, auctioneers, grocers, merchants, bakers, * * * livery, board, feed and sale stables, hansoms, cabs, hackney coaches, carriages, barouches, buggies, wagons, omnibuses, carts, drays, job-wagons, and all other vehicles used or let for hire. * * *" The ordinance set forth above was enacted in virtue of the power delegated by sections 3058 of the Kentucky Statutes of 1903. Appellants are grocers, who use delivery wagons in their business to deliver goods free of charge for the service to their customers. The wagons are not let for hire. Nor are grocers who do not use delivery wagons taxed at all on their occupations.

It is competent for the city to select any of the

enumerated classes as subjects for license taxes. But on stock used for breeding purposes, on franchises, it is not competent for it to tax some members of a class set apart by the legislature and not tax others of the same class. That would not be uniform taxation and would be repugnant to the Constitution. The grant of power to the city is to tax by license certain specific trades or callings, which the legislature has itself classified. If grocers are to be taxed, all grocers must be taxed. To be sure, the tax may be graded upon any natural and reasonable basis, as, for example, upon the amount of sales or character of stock of merchandise kept, or, for that matter, by the number of delivery wagons employed, so long as all are taxed upon the occupation of grocers. But this ordinance does not impose a license on all grocers. True, it says that it does; but, as no provision is made for collecting licenses from any grocers, except those who employ delivery wagons, it follows that all who did not employ delivery wagons are not required to pay any license tax. This of itself is not uniform taxation. Kansas City v. Grush, 151 Mo. 128, 52 S. W. 286.

We agree, also, with the circuit court, that the manifest purpose of the ordinance was not to tax grocers, but to tax delivery wagons used by grocers. In this the council was without power. The statute designates plainly what vehicles might be the subject of such tax; that is, such only as were used for hire. City of Covington v. Woods, 98 Ky. 347, 17 Ky. Law Rep. 927, 33 S. W. 84. It being conceded that the grocery delivery wagons were not used for hire, the city could not impose a license tax upon them either directly or indirectly. From a careful reading of the whole ordinance it is clear that its purpose was to tax vehicles used by

grocers as delivery wagons, and not to impose the tax on anything else. The circuit court held the ordinance to be invalid, and in that we concur.

Judgment affirmed.