City of Louisville v. Schnell.

CASE 10.—PROSECUTION AGAINST AUGUST SCHNELL FOR VIOLATING A CITY ORDINANCE.—December 18.

# City of Louisville v. Schnell

Appeal from Jefferson Circuit Court; Criminal Division.

JOSEPH PRYOR, Judge.

From an order dismissing the warrants the city appeals—Reversed.

1.  Licenses—Occupations—Barber Shop—Ordinance—Validity.—Under Ky Stats. 1903, section 3011, empowering cities of the first class to grade and classify certain occupations, including barber shops, and to exact license fees based thereon, an ordinance requiring each barber shop to pay a license of $5 per year and $2 additional for each chair where more than two chairs were used, was valid, especially in view of section 3017 empowering the common council to grade such occupations.

2.  Same—Classification.—The classification was not unreasonable under the statute.

3.  Same—Occupations—Nature.—An ordinance requiring each barber shop to pay a license of $5 per year and $2 additional

for each chair where more than two chairs were used was not a property tax but one on the occupation.

A. E. RICHARDS and E. O. UNDERWOOD for appellant.

KOHN, BAIRD, SLOSS & KOHN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Reversing.

In November, 1906, the general council of the city of Louisville passed an ordinance out of which grows the present litigation. So much of the ordinance as is material to these cases is as follows:

"An ordinance providing for certain licenses, the fees thereof to be paid into the sinking fund of the city of Louisville.

"Be it ordained by the general council of the city of Louisville:

"Section 1. That hereafter the following licenses shall be paid into the sinking fund of the city of Louisville for the purposes of the sinking fund, for doing the business following the callings, occupations and professions or using or holding, or exhibiting the articles hereinafter named, in the city of Louisville, in addition to the ad valorem taxes heretofore levied or hereafter to be levied on any species of property in the city of Louisville."

"Sec. 8. * * * Each barber shop shall pay a license of five dollars per year and two dollars additional for each chair where more than two chairs are used."

"Sec. 108. * * * This ordinance shall take effect from and after its publication."

This ordinance was published and took effect December 1, 1906. A large number of barbers not having paid the license prescribed by this ordinance on March

22, 1907, the city had warrants issued before the judge of the police court to show cause why they should not be fined for plying their trade without the license required by the ordinance. A demurrer to the warrants was sustained in the police court, and the warrants were dismissed. This case was appealed to the circuit court, where a demurrer was sustained to so much of the warrant as based the prosecution upon the failure to pay the license fee of $2 for each chair where more than two were used. The city refused to accept the construction thus placed upon the ordinance by the circuit court, which was in effect that the ordinance was invalid as to the $2 license tax, and from the judgment dismissing the warrant as to that charge this appeal is prosecuted.

The Constitution allows (section 171) the Legislature to provide for the imposition of taxes by cities based upon licenses. Section 181 of the same instrument reads: "* * * The General Assembly may, by general law only, provide for the payment of license fees on franchises, stock used for breeding purposes, the various trades, occupations, and professions, or a special or excise tax. * * *" The Legislature has exercised the privilege thus granted to it, and as to cities of the first class has empowered them to grade and classify certain callings and businesses, and to exact license fees based thereon, to be applied within the minimum and maximum rates named by the statute conferring the power. Section 3011, Ky. St. 1903. The keeping of barber shops is included in this section. It is the contention of appellants that the authority is lacking to grade barber shops. But we think where the authority is given to license an occupation at say from $5 to $500 it means not alone that all who engage in that occupation may be

licensed at the same rate anywhere between the lowest and highest figures allowed, but that those engaged in the particular occupation may be graded upon any reasonable, tangible basis, and the license fees applied according to the judgment of the taxing power to each class between the extremes indicated in the grant of power. All who engage in the business of keeping barber shops do not necessarily belong to the same class or may not. The purpose was to impose the tax upon the occupation. If no more than two chairs—that is, two persons plying that trade—were employed in a shop, then all shops of that character were put into one class and all in that class taxed the uniform fee of $5. But, if more than two were so employed, then for each additional barber chair in use a new class was created, and all in such class were taxed $7, and so on for each additional chair $2 being added. This we think was not an unreasonable classification, and was such as was allowed by the statute. In addition, section 3017, Ky. St. 1903, expressly empowers the common council to grade such occupation. Appellant contends that as the statute (section 3017, Ky. St. 1903) required the clerk and treasurer of the license board to take the oath of the licensee or other evidence before issuing the license, and were from it to determine the tax collectible, there was not authority for the city to directly classify this subject, but that it must be done if at all by these ministerial officers. The officers had nothing to do with fixing the classes. They were fixed by the common council. From the oath of the applicant or other evidence the clerk and treasurer were to determine whether the applicant belonged to one class or another, and exact the tax and issue the license accordingly.

Nor is this a property tax: The tax is not upon the chairs. It is upon the occupation. The chairs referred to are barber chairs, used by barbers in plying their trade. They are named not as a species of taxation, but as a basis of classification. The tax is upon the vocation, not upon the means of exercising it. The purpose for which the tax was levied was sufficiently specified when it was devoted to the use of the sinking fund of the city.

The ordinance is a valid one under the legislative grant, and the judgment holding to the contrary is reversed, and remanded for proceedings consistent herewith.