## City of Newport v. Frankel, et al.

(Decided October 4, 1921.)

### Appeal from Campbell Circuit Court.

Licenses—Fees—Discrimination.—A license tax requiring a moving picture theatre charging an admission of more than fifteen

cents to pay $450.00 a year, and in addition thereto, $15.00 for each day on which said admission is charged, is void for unjust discrimination, where a theatre charging an admission fee of fifteen cents or less is required to pay a tax of only $450.00, the increase in the tax being more than 1000%, and the increase in the admission being only 33 1-3%.

BRENT SPENCE for appellant.

WM. A. BURKAMP and POGUE, HOFFHEIMER & POGUE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The city of Newport appeals from a judgment declaring invalid that portion of its license ordinance imposing an occupational tax on moving picture theatres charging an admission fee of more than 15 cents, and having a seating capacity of not less than 750 nor more than 1,500.

The particular provision involved is subsection 120b of section 9, which is as follows:

"Where the seating capacity exceeds 750 and does not exceed 1,500:

"If an admission fee of not more than 10 cents is charged, $300.00.

"If an admission fee of more than 10 cents and not more than 15 cents is charged, $450.00.

"If an admission fee exceeding 15 cents is charged, $15.00 for each day on which said admission is charged, in addition to yearly license provided for herein."

The action to test the validity of this provision was brought by I. Frankel and others doing business under the style of "The Temple Theatre." The seating capacity of the theatre is 900, and in view of the advance in the rental of films and the increased cost of labor, etc., it proposes to charge an admission fee of 20 cents. The theory that the tax is confiscatory has not been developed. The sole ground of attack is that it is discriminatory.

It is the rule in this state that in the imposition of license taxes, occupations may be classified, and that each particular class may be divided into subclasses where there is a reasonable basis for the distinction. To this end a license tax may be graded according to the volume of business done, or, as here, according to the amount of admission fee charged. Hager v. Walker, 128 Ky. 1, 107 S. W. 254, 15 L. R. A. (N. S.) 195; Fiscal Court Owen Co. v. F. & A. Cox Co., 132 Ky. 738, 117 S. W. 296, 21 L.

R. A. (N. S.) 83. Under the ordinance in question a theatre charging 15 cents pays a license fee of $450.00, while a theatre charging 20 cents pays more than $5,000. It will thus be seen that the increase in the admission fee is 33 1-3 per cent, while the increase in license fee is more than 1,000 per cent. Manifestly, there is no sound basis for this distinction, and it requires no argument to show that the ordinance unjustly discriminates against a theatre charging an admission fee of 20 cents. That being true, the provision in question is invalid, and the lower court did not err in so holding.

Judgment affirmed.