# City of Danville, et al. v. Quaker Maid, Incorporated.

(Decided December 4, 1925.)

## Appeal from Boyle Circuit Court.

1. Licenses—License Tax Must be Uniform on Each Member of Class on which it is Imposed.—A license tax, imposed on a class engaged in a particular business, trade, or occupation, must be uniform on each member of the class on which it is imposed.

2. Licenses—Different License Taxes May be Imposed on Various Classes of a Trade, Occupation, or Business.—Persons engaged in a trade, occupation, or business may be classified, and a different license tax imposed on each class, provided classification is made on a natural and reasonable basis.

3. Licenses—License Tax Ordinance, Classifying Grocery Stores, and Imposing Different Tax on each Class, Held Discriminatory.—A license tax ordinance, imposing a heavier tax upon cash and carry grocery stores than upon regular service grocery stores, where both classes sell groceries of the same kind, character, quality, quantity, and for approximately the same price, held discriminatory.

4. Licenses—Enforcement of Discriminatory License Tax May be Enjoined.—A city may be enjoined from enforcing a discriminatory license tax ordinance.

CHENAULT HUGUELY for appellant.

A. J. CARROLL and SANDERS E. CLAY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The city of Danville has enacted a license and occupational tax ordinance in which, among other things, it has imposed a license tax on the business of retailing groceries, meat, fish and oysters. This ordinance classifies groceries engaged in such business thus: First, regular service grocery stores not employing more than two employees. On this class the license imposed is $12.00 per year, and $5.00 for each additional employee. Second, cash and carry grocery stores not self-service and not employing more than two persons. On this class, the license is $25.00 per year, and $25.00 for each additional employee. Third, self-service, cash and carry grocery stores not employing more than two persons. The license on this class is $40.00 per year, and $30.00 for each additional employee.

The appellee is a grocery store which makes no deliveries and sells only for cash. It thus comes within the second class above mentioned. Alleging that the city of Danville was threatening to collect by coercive measures the $50.00 license fee imposed on this class, and that the same was unjust and discriminatory, the appellee brought this suit against the appellants to enjoin the enforcement of this ordinance. From a judgment enjoining such enforcement, appellants bring this appeal. The proof shows that the business of the appellee is in all respects the same as that of any ordinary grocery store which pays the $12.00 license tax, except that appellee never sells on credit and makes no deliveries except in extraordinary cases. The parties do not differ about the rule applicable to this case. It is agreed that where a license tax is imposed upon a class of persons engaged in a particular business, trade or occupation, then all persons engaged in such trade, occupation or business are subject to the tax and it must be uniform upon the class singled out for taxation. It is also agreed that persons engaged in the same trade, occupation or business may be classified and a different license tax imposed on each class provided the classification is made upon a natural and reasonable basis. Commonwealth v. Payne Medicine Co., 138 Ky. 164, 127 S. W. 760; City of Louisville v. Sagalowski & Son, 136 Ky. 324, 124 S. W. 339; Hager v. Walker, 128 Ky. 1, 107 S. W. 254; Brown-Foreman Co. v. Commonwealth, 125 Ky. 402, 101 S. W. 321; City of Carlisle v. Heckinger, 103 Ky. 381, 45 S. W. 358; City of Covington v. Dalheim, 126 Ky. 26, 102 S. W. 829; Read v. Graham, 102 S. W. 860, 31 Ky. Law Rep. 569; Gordon v. City of Louisville, 138 Ky. 442, 128 S. W. 327.

The business of the appellee is to sell groceries of the same kind, character, quality, quantity and for approximately the same price as those of the ordinary grocery store. The only difference between the business of appellee and that of the ordinary grocery is that appellee extends credit to no one and makes no deliveries. But this difference in this detail of conducting the business affords no reasonable ground for classifying appellee on a basis for taxation purposes different from that of the ordinary grocery store. The case of Metropolitan Life Insurance Co. v. City of Paris, 138 Ky. 801, 129 S. W. 112, relied on by appellants, is not in conflict with these views. Resting on the same principle as above

laid down it holds that the business of selling life insurance on the ordinary plan is so different from that of selling life insurance on the industrial plan that they may be placed in different classes for purposes of license taxation. The difference here was more than that of detail in conducting the same business. Ordinary life insurance is something quite different from industrial insurance. The latter is usually for small amounts with "facility of payment clauses." Its premiums are comparatively trivial and are collected weekly or monthly. It appeals to a class different from that which is attracted by ordinary insurance. But the grocery businesses here involved have no such distinctions. They both sell the same kind of groceries for practically the same price and in the same quantities to practically the same class of people. The details of credit and delivery are alone not enough to afford a reasonable basis for the classification attempted in this case.

It results, then, that the ordinance in question is discriminatory and not uniform, and the lower court did not err in enjoining its enforcement.

Judgment affirmed.