## Young et al. v. City of Lexington.

(Decided November 7, 1930.)

L. G. CAMPBELL and WM. H. MILLER for appellants.

WM. T. TOWNSEND and DAVID C. HUNTER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The sole question presented on this appeal is the validity of the license ordinance of the city of Lexington, which imposes an annual license tax of $75 upon the business of a "painting contractor." The lower court held it valid, and, from its judgment so adjudging, this appeal is prosecuted.

Section 1 of the ordinance imposes the tax upon "each person, firm or corporation doing business in the City of Lexington as a painting contractor."

Section 2 defines a "painting contractor" as: "Every firm consisting of two or more members, and every person with one or more employees."

Section 3 imposes a penalty for a violation of the ordinance.

Appellant contends that the ordinance is invalid because it is discriminatory, thus trenching on his rights under the state and federal Constitutions. It will be observed that, since the ordinance requires all corporations and partnerships to obtain the license in question, and further requires all individuals engaged in the business and employing one or more employees to likewise obtain the license, the only ones not embraced within the terms of the ordinance are individuals who work for themselves and employ no employees. It is because of this classification that the appellant says the ordinance is discriminatory and therefore invalid.

The rule of law applicable to the question presented is clear and well settled. In the case of City of Danville

v. Quaker Maid, Inc., 211 Ky. 677, 278 S. W. 98, 43 A. L. R. 590, it was thus stated:

"It is agreed that, where a license tax is imposed upon a class of persons engaged in a particular business, trade, or occupation, then all persons engaged in such trade, occupation, or business are subject to the tax, and it must be uniform upon the class singled out for taxation. It is also agreed that persons engaged in the same trade, occupation, or business may be classified, and a different license tax imposed on each class, provided the classification is made upon a natural and reasonable basis. Commonwealth v. Payne Medicine Co., 138 Ky. 164, 127 S. W. 760; City of Louisville v. Sagalowski & Son, 136 Ky. 324, 124 S. W. 339, 136 Am. St. Rep. 258; Hager v. Walker, 128 Ky. 1, 107 S. W. 254, 32 Ky. Law Rep. 748, 15 L. R. A. (N. S.) 195, 129 Am. St. Rep. 238; Brown-Foreman Co. v. Commonwealth, 125 Ky. 402, 101 S. W. 321, 30 Ky. Law Rep. 793; City of Carlisle v. Heckinger, 103 Ky. 381, 45 S. W. 358, 20 Ky. Law Rep. 74; City of Covington v. Dalheim, 126 Ky. 26, 102 S. W. 829, 31 Ky. Law Rep. 466; Read v. Graham, 102 S. W. 860, 31 Ky. Law Rep. 569; Gordon v. City of Louisville, 138 Ky. 442, 128 S. W. 327."

Is the exemption of individuals who employ no employees made by this ordinance in question based on a reasonable classification? We are of the opinion that it is. It is common knowledge that an individual painting contractor who works for himself and has no employees is much restricted in the size and character of the work he can do in the ordinary course of affairs. He necessarily cannot take the size jobs the others can, nor can he take contracts of any size where time is an element in their completion. Even where he meets in competition a partnership composed but of two members, he, ordinarily and as a general rule, cannot do the work as speedily as a firm can, or even perhaps at all. Simple and fundamental rules of economics verify these statements. It is true that perhaps in some instances, and on some jobs, the individual working for himself may prove as efficient as some partnerships of but limited membership or even a corporation with but very few employees. But such instances will be rare, and it is sufficient if a taxing ordi-

nance in its classification reaches and covers the general situation. It is not required to take care of isolated and exceptional individuals. City of Louisville v. Sagalowski & Son, supra; City of Irvine v. Bergman, 220 Ky. 804, 295 S. W. 1041. It is settled that classification based on the volume of business done is based upon reasonable distinctions. See City of Newport v. Frankel, 192 Ky. 408, 233 S. W. 884. Since the classification made by the ordinance here in question is based upon the fundamental fact that individuals laboring for themselves as a rule cannot and in fact do not generally take jobs comparable in size and character to those taken by those who have aid in the work either from employees or other partners, it follows that after all it is based on the "volume of business" idea, and, being so based, it is valid and not discriminatory.

Such being our views, it follows that the judgment of the lower court being in accordance therewith is correct. It is therefore affirmed.