## COMMISSIONERS OF SINKING FUND OF CITY OF LOUISVILLE et al. v. OHIO VALLEY GROCERY CO.

## CITY OF LOUISVILLE v. VAUGHAN GROCERY CO.

Court of Appeals of Kentucky.

May 25, 1951.

Wyatt, Grafton & Grafton, Louisville, for appellants Commissioners of Sinking Fund, et al.

Gilbert Burnett, Alex P. Humphrey, Louisville, for appellant City of Louisville.

Richard B. Crawford, Louisville (Earl S. Wilson, Bernard H. Barnett, Lee Curd Miller, Bullitt, Dawson & Tarrant, Crawford, Jull & Gentry, all of Louisville, on the brief), for appellee Ohio Valley Grocery Co.

Woodford, Hobson & Fulton, Louisville, for appellee Vaughan Grocery Co.

Henry E. McElwain, Jr., Louisville, amicus curiae.

MILLIKEN, Justice.

Although these two cases are not identical they are controlled by one question of law, for both involve taxing ordinances of the City of Louisville. The appellants demurred to the petitions of appellees and refused to plead further when the demurrers were overruled.

By Ordinance No. 187, Series 1940, sometimes called the "Business Privilege Tax," the City of Louisville taxed the gross receipts of businesses within the City, the tax to be paid in advance on June 1st of each year, upon the basis of the taxpayer's statement showing the gross receipts from his business for his next preceding fiscal year. This tax when paid entitled the taxpayer to do business in the City for the year beginning June 1st and ending May 31st of the following year. We shall refer to this ordinance hereafter as the 1940 Ordinance.

Ordinance No. 112, Series 1948, called the "Occupational License Tax," was enacted on May 29th of that year to become effective July 1, 1948. It was enacted pursuant to Chapter 131, Acts of 1948, which authorized cities to "levy and collect any and all taxes provided for in Section 181 of the Constitution", which statute became effective June 17, 1948. This ordinance made the net income of the taxpayer the basis of the tax and made the tax due and payable three months and fifteen days after the end of the calendar year. This ordinance also taxed individuals who earned income within the City, but who were nonresidents. We shall refer to it henceforth as the 1948 Ordinance. This 1948 Ordinance was upheld as constitutional by this court in City of Louisville v. Sebree, 308 Ky. 420, 214 S.W.2d 248.

The legal problems arising in these cases stem from the fact that the license period under the 1948 Ordinance, commencing July 1, 1948, left a gap of one month from the termination of the next preceding license period under the 1940 Ordinance, which was May 31, 1948, and because the tax under the 1940 Ordinance was payable in advance while the tax under the 1948 Ordinance was payable at the end of the license period.

The situation is well described in an amicus curiae brief:

"In order to close this gap between the two license periods, and to prevent the Sinking Fund from being without funds during the calendar year 1948, the Board of Aldermen, when enacting the 1948 Ordinance, provided in Section 15 that the 1940 Ordinance 'shall remain in full force and effect until June 30, 1948; after which it shall not longer be operative,' and in Section 19 that the new ordinance should 'become operative on and after July 1, 1948,' thus closing the gap by including the month of June, 1948, within the purview of the old ordinance instead of the new one.

"Further, in order to define the rights of the City and the duties of its taxpayers, the ordinance contained Section 10, which, as amended, reads as follows: 'Any licensee under the terms of Ordinance 187, Series 1940, approved April 24, 1940, as amended, who, because of the enactment of this ordinance requiring license fees based on a different schedule, and because of the repeal of Ordinance No. 187, Series 1940, as amended by the terms of this ordinance, is or will be prevented from getting the use of said license for the term for which it was issued under said Ordinance No. 187, may apply for an off-set or credit of that portion of the annual license fee paid which is applicable proportionately to the unexpired portion of such license fee. The Secretary-Treasurer shall thereupon credit or off-set against the amount due under this ordinance the amount of money representative of the unexpired portion of such license fee. *However, nothing in this Section is intended to relieve any licensee of any fee or portion of a fee which may have accrued under said Ordinance No. 187, Series 1940, before its repeal by the terms of this ordinance.'*

"The present cases involve some of the many complications arising from the proper application of the above section.

"In the Vaughan Grocery Company case the taxpayer paid one-twelfth of the amount imposed by the 1940 Ordinance and owed nothing under the 1948 Ordinance. The issue in that case is the obligation of the taxpayer to pay the remaining eleven-twelfths of the amount imposed under the 1940 Ordinance.

"In the Ohio Valley Grocery Company case, the taxpayer paid the full amount of the tax imposed by the 1940 Ordinance, but owed nothing under the 1948 Ordinance. The issue in that case is the right of the taxpayer to recover eleven-twelfths of the tax so paid. * * *

"It happens, however, that in some few instances the taxes paid under the 1940 Ordinance were larger than the taxes payable under the 1948 Ordinance so that these payments have not been absorbed by taking the allowable credits."

The legislative ingenuity exercised by the City authorities in preventing the sinking of the Sinking Fund by not cutting off prematurely its buoying income from levies under the 1940 Or-

dinance should not be construed in a way which would cause the 1948 Ordinance to have a lack of uniformity in its application. Both the 1940 Ordinance and the 1948 Ordinance were imposed under the taxing power for the purpose of revenue and not under the police power for the purpose of regulation; they differed in the scope of their application and in the measure of the tax; they are excise taxes, (City of Louisville v. Sebree, above), and cover essentially the same thing—the privilege of working or doing business in the City of Louisville. The City's contention that the individual taxpayer must pay the larger amount due under either of the ordinances implies a classification for tax purposes which grates upon our sense of fairness. Stated in another way, the City's contention in this respect violates the principle of uniformity in taxation. Sections 171, 181, Kentucky Constitution. As stated in 33 Am.Jur., Licenses, Section 30, pages 353, 354: "This principle (uniformity) is sometimes made the subject of a specific constitutional provision; but the principle applies even in the absence of a provision." Citing, City of Danville v. Quaker Maid, Inc., 211 Ky. 677, 278 S.W. 98, 43 A.L.R. 590; Louisville v. Sagalowski & Son, 136 Ky. 324, 124 S.W. 339; Hager v. Walker, 128 Ky. 1, 107 S.W. 254, 15 L.R.A.,N.S., 195. If a portion of the proceeds of the 1940 Ordinance is credited on the tax accruing under the 1948 Ordinance for most taxpayers, it must be so credited as to all taxpayers whether or not they owe a tax under the 1948 Ordinance. Uniformity requires that the credit must take the form of a refund when there is no tax due from the individual under the 1948 Ordinance.

By the terms of the 1940 Ordinance the tax imposed was due and payable for a year in advance, and had "accrued" before the 1948 Ordinance became effective. As a consequence we are persuaded that no hardship, which he had not been required to meet in prior years, would be imposed on the taxpayer subject to the 1940 Ordinance by requiring him again to pay for the full year in advance. But after July 1, 1948, he was taxed under an entirely different ordinance, and the unfairness of requiring him

to pay taxes under both ordinances upon essentially the same privilege was recognized by the City authorities by the credit provisions of Section 10 of the 1948 Ordinance.

■ It is our conclusion that the constitutional requirement of uniformity dictates that the Ohio Valley Grocery Company which owed no tax under the 1948 Ordinance and which had paid the tax for the full year in advance under the 1940 Ordinance be returned eleven-twelfths of the tax paid under the 1940 Ordinance or, in other words, that it receive back that part of the tax under the 1940 Ordinance not allocable to June, 1948, the last month the 1940 Ordinance was effective.

■ Because we have concluded that the tax due under the 1940 Ordinance had accrued and was due and payable by June 1, 1948, it necessarily follows that it was incumbent upon the Vaughan Grocery Company to pay the full amount of the tax due under the 1940 Ordinance and not just one-twelfth of it, the amount allocable to June, 1948.

There were many other points raised in the briefs of counsel which we do not believe it necessary to discuss here because of our conclusion that the City's contention, if adopted, would result in a lack of uniformity in taxation whatever the interpretation which might be accorded sundry phrases and sections of the ordinances involved.

■ We affirm the judgment of the trial court in the case of the Ohio Valley Grocery Company, but direct that interest be payable from April 15, 1949, the date the taxes were due and payable under the 1948 Ordinance and not from July 1, 1948, as adjudged.

The judgment in the case of the Vaughan Grocery Company is reversed with directions that the Company be required to pay the balance of the tax due under the 1940 Ordinance with interest from June 1, 1948, less eleven-twelfths of the principal amount due which we have held should be returned to the taxpayer.